UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTINA ALEXANDRIA C., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security[1], <br><br> Defendant. | Case No.  2:20-CV-00446-REP <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending is Petitioner Christina Alexandria C.'s Petition for Review (Dkt. 1) and an accompanying Brief in Support of Petition to Review (Dkt. 22) appealing the Social Security Administration's final decision finding her not disabled and denying her claim for disability insurance benefits.  *See* Pet. for Rev. (Dkt. 1).  This action is brought pursuant to 42 U.S.C. § 405(g).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## ADMINISTRATIVE PROCEEDINGS

Petitioner is a woman in her early twenties with a history of mental health issues, including diagnoses of attention deficit hyperactivity disorder (ADHD), borderline intellectual functioning, autism, and anxiety.  AR[2] 15.  On August 24, 2018, Petitioner filed an application for supplemental security income ("SSI") alleging a disability onset date of July 5, 2000.  AR 13.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi will be substituted, therefore, as the respondent in this suit.  Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g).

[2] Citations to "AR __" refer to the cited page of the Administrative Record (Dkt. 21).

**MEMORANDUM DECISION AND ORDER - 1**

Petitioner later amended this date to August 24, 2018, which is roughly a month after her eighteenth birthday. *Id.*

The claim was denied initially and on reconsideration and Petitioner requested a hearing in front of an Administrative Law Judge ("ALJ"). *Id.* On December 18, 2019, the claim went to a hearing before Administrative Law Judge ("ALJ") Jesse K. Shumway. *Id.* On January 9, 2020, the ALJ issued a decision that was unfavorable to Petitioner. AR 10-24.

Petitioner appealed this decision to the Appeals Council. The Council denied Petitioner's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. AR 1-6.

Having exhausted her administrative remedies, Petitioner filed this case. Petitioner raises three interrelated points of error. First, Petitioner argues that the ALJ erred at Step Two of the sequential process to determine disability under the Social Security Act in finding that autism, anxiety, and depression were not medically determinable impairments for Petitioner. Pt.'s Br. at 12-14 (Dkt. 22). As part of this challenge, Petitioner asserts that the ALJ improperly failed to "acknowledge or discuss" the opinions of one doctor, Dr. Thomas Genthe. *Id.* at 13. Second, Petitioner contends that the ALJ violated the articulation requirements 20 C.F.R. § 416.920c when analyzing the persuasiveness of the medical opinions. *Id.* at 14-17. Finally, Petitioner maintains the ALJ committed reversible error in failing to discuss the opinions of one of the state agency consultants.[3] *Id.* at 17.

---

[3] Petitioner's briefing alludes to, but fails to preserve, several other possible arguments. For example, Petitioner's opening brief contains a footnote to a paragraph about harmless error where she accuses the ALJ of "playing doctor" and claims parts of the RFC lack evidentiary support. Petitioner has waived these arguments by failing to assert them with specificity in the body of her brief. *See Estate of Saunders v. C.I.R.*, 745 F.3d 953, 962 n.8 (9th Cir. 2014) ("Arguments raised only in footnotes...are generally deemed waived."); *City of Emeryville v.*

**MEMORANDUM DECISION AND ORDER - 2**

## **STANDARD OF REVIEW**

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

---

*Robinson*, 621 F.3d 1251, 1262 n.10 (9th Cir. 2010) (deeming an issue waived where the party "fail[ed] to address the issue in its opening brief except in a footnote").

**MEMORANDUM DECISION AND ORDER - 3**

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098. Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## THE SEQUENTIAL PROCESS

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant is engaged in SGA, disability benefits are denied regardless of his or her medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination

**MEMORANDUM DECISION AND ORDER - 4**

of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1522, 416.922.  If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal a listed impairment, the claim cannot be resolved at step three and the evaluation proceeds to step four.  20 C.F.R. §§ 404.1520(e), 416.920(e).

In the fourth step of the evaluation process, the ALJ decides whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is work she performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work was substantial gainful activity and lasted long enough for the claimant to learn to do the job.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

**MEMORANDUM DECISION AND ORDER - 5**

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.

## THE ALJ'S FINDINGS

The ALJ found that Petitioner suffers from the following severe impairments: ADHD and borderline intellectual functioning.  AR 15.  The ALJ determined that these impairments affect Petitioner's ability to engage in work-related activities in a variety of manners, including that Petitioner is limited to "simple, routine, and repetitive tasks consistent with a reasoning level and math level of 2 or less;" she needs to receive instruction orally or by demonstration, not in writing; she can have only occasional contact with the public; her work environment must be routine, with no more than occasional changes; she cannot engage in multi-tasking or perform fast-paced work; and she will need up to 30 days to learn new tasks and up to 25% more supervision during learning periods.  AR 18.  Petitioner has no past relevant work.  AR 23.  Based on the testimony of a vocational expert, however, the ALJ concluded that Petitioner's limitations would not prevent Petitioner from performing a range of work, including working as a cleaner, a laborer, and a garment sorter.  AR 23.  The ALJ, therefore, found that Petitioner was not disabled.  AR 24.

**MEMORANDUM DECISION AND ORDER - 6**

**DISCUSSION**

I. The ALJ's Step Two Findings

Petitioner's first argument on appeal is that the ALJ erred in determining that autism, an anxiety disorder, and depression were not among her medically determinable impairments. Pt.'s Br. at 12-14 (Dkt. 22). A medically determinable impairment is an impairment that results from "anatomical, physiological, or psychological abnormalities" and has been established by "objective medical evidence from an acceptable medical source." 20 C.F.R. § 416.921.

Here, the medical evidence presented to the ALJ contained conflicting opinions regarding the correct diagnostic labels for Petitioner's mental health conditions. As the ALJ noted, Petitioner underwent a psychological evaluation in 2018 in connection with seeking vocational rehabilitation services. AR 15; *see also* AR 364. This evaluation was performed by J. Brooke Sjostrom, a licensed professional counselor, and endorsed by Thomas Genthe, a licensed psychologist. AR 364-373. As part of this examination, Counselor Sjostrom diagnosed Petitioner with autism spectrum disorder, ADHD, and unspecified anxiety disorder. AR 372. Counselor Sjostrom also ran tests of Petitioner's general intellectual abilities. AR 368-370. Counselor Sjostrom concluded that while Petitioner faced various limitations, including social immaturity, Petitioner had the intellectual ability to perform "entry-level employment" requiring "simple repetitive activities, and could benefit from job skills training." AR 372-373.

Ten months later, Petitioner attended a screening appointment with a licensed social worker, Andrea Chernikoff, to discuss receiving counseling. AR 451-157. Ms. Chernikoff diagnosed Petitioner with generalized anxiety disorder and unspecified depressive disorder. AR 457. Ms. Chernikoff also accepted Counselor Sjostrom's opinion that Petitioner had autism and ADHD. *Id.*

**MEMORANDUM DECISION AND ORDER - 7**

Three state agency consultants reviewed the medical record and accepted Counselor Sjostrom's diagnoses. These consultants listed Petitioner's medically determinable impairments as (1) autism spectrum disorder, (2) ADHD, and (3) anxiety and obsessive-compulsive disorders. AR 70, 86, 445. They agreed that Petitioner's autism and ADHD were severe, but her anxiety disorder was not. *Id.* In addition, they all found Petitioner capable of performing simple, entry level work. AR 76-77, 92, 445.

The final doctor to opine on Petitioner's diagnoses was a consulting psychologist named Dr. Ira Hymoff. AR 33. Dr. Hymoff reviewed the entire medical record and testified at the December 18, 2019 hearing regarding Petitioner's mental health functioning. AR 33-40. Based on his review of the record, Dr. Hymoff opined that Petitioner had ADHD and borderline intellectual functioning. AR 35-36. Dr. Hymoff noted that Petitioner had been diagnosed with autism spectrum disorder and anxiety disorder, but determined that there was not enough evidence to substantiate these diagnoses. AR 35.

The ALJ recognized this range of opinions and credited Dr. Hymoff's diagnoses over the diagnoses set forth in Counselor Sjostrom's report. AR 15-16. The ALJ explained his decision as follows:

> Ms. Sjostrom is not an acceptable medical source. Per Dr. Hymoff, there is insufficient evidence to establish [generalized anxiety disorder, unspecified depressive disorder, and autism spectrum disorder] as medically determinable impairments, particularly in a one-time evaluation for vocational rehabilitation purposes. Social Security Ruling 96-4p specifically emphasizes that a "symptom" is not a medically determinable impairment, and no symptom by itself can establish the existence of such an impairment, no matter how genuine the claimant's complaints appear to be. In this case, there are no medical signs or laboratory findings that demonstrate the existence of these conditions. School records document some educational intervention, but no behavioral complaints or documentation to support a diagnosis of autism. The only notable complaint by the claimant was a report of anxiety noted in a well-child evaluation when she was 17, without noted anxiety, and she denied depression. There was no report of anxiety on year later, and although she did report social anxiety at Exhibit 1F/2, along with a tendency to worry, she did not present as anxious.

**MEMORANDUM DECISION AND ORDER - 8**

AR 16-17 (internal citations omitted).  Petitioner claims that this decision was unsupported by the record.  Pt.'s Br. at 13 (Dkt. 22).  Petitioner points out that Counselor Sjostrom's opinions were adopted and accepted by Dr. Genthe, who is an acceptable medical source.  Petitioner claims that the ALJ committed reversible error in overlooking this fact.  *Id.*

Petitioner is correct that the ALJ appears not to have noticed that Dr. Genthe affixed his signature to Ms. Sjostrom's report adopting and approving her findings.  AR 373.[4]  For the sake of this decision, the Court will assume this oversight invalidated the ALJ's decision to credit Dr. Hymoff's diagnostic framing over the differing diagnoses endorsed by Counselor Sjostrom and Dr. Genthe.

As Petitioner recognizes, this assumption does not necessarily require reversal.  In the social security context, reversal on account of error is not "automatic," but requires a "case-specific" determination of prejudice.  *Ludwig*, 681 F.3d at 1053.

Where, as here, Step Two is decided in the claimant's favor, any error in finding that an impairment was not a severe medically determinable impairment is harmless and cannot be the basis for remand unless the petitioner shows that the ALJ's alleged error extended beyond the Step Two findings and infected the RFC.  *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (any error in failing to find an impairment severe at step two is harmless if the ALJ properly considers any resulting limitations in assessing the claimant's RFC).

---

[4] This isolated signature appears to be the only record from Dr. Genthe.  *See generally* AR 364-478.  Dr. Genthe did not treat Petitioner, draft any of his own opinions or reports, or contribute any independent findings to the record.  *Id.*  In other words, this is not a case where the ALJ completely ignored an entire and separately reported medical opinion.  The ALJ's merely failed to notice that a second doctor signed and approved Counselor Sjostrom's report.

**MEMORANDUM DECISION AND ORDER - 9**

Petitioner has not and cannot make this showing. At the end of the above quoted paragraph, the ALJ specifically noted that, "despite" her decision to credit Dr. Hymoff over Counselor Sjostrom, she was "considerin[ing] all of the claimant's alleged mental symptoms and limitations, regardless of the diagnostic label." AR 17. The ALJ's formulation of the RFC bears this out. In determining what functional limitations Petitioner faces, the ALJ discussed the report of Counselor Sjostrom in detail and gave all but a few isolated portions of the report great weight. AR 21-22 (finding Counselor Sjostrom's report "largely persuasive"). Critically, the ALJ did not discount any of Counselor Sjostrom's functional conclusions because she is a counselor and not a psychologist. AR 21-22. Rather, the ALJ carefully considered Counselor Sjostrom's opinions, under the standards for evaluating all medical source opinions, and adopted most of her opinions as persuasive while rejecting a few sentences of her report as inconsistent and unsupported by the rest of the record. *Id.* In other words, the ALJ considered all of Petitioner's mental limitations in crafting the RFC, without regard to how the medical providers documenting these limitations classified Petitioner's mental health diagnoses.

In these circumstances, any error in how the ALJ labeled a petitioner's conditions at Step Two is harmless. *See Lewis*, 498 F.3d at 911; *see also Callahan v. Colvin*, No. 3:15-CV-00754-AA, 2016 WL 3921152, at *2 (D. Or. July 19, 2016) (an ALJ's refusal to recognize the claimant's PTSD or dissociative disorder as severe impairments at Step Two was harmless where the ALJ addressed "all the limitations that the claimant has alleged or [have] been opined" when formulating the RFC "[d]espite the disagreements among the professionals as to the correct diagnostic label" for the claimant's conditions).

**MEMORANDUM DECISION AND ORDER - 10**

II. The Articulation Requirements

Petitioner's second argument on appeal is that the ALJ violated the articulation requirements of the regulations that govern how ALJs must consider medical opinion evidence. Pt.'s Br. at 14-17 (Dkt. 20).

On January 18, 2017, the Social Security Administration published comprehensive revisions to its regulations governing the evaluation of medical evidence. *See* 82 Fed. Reg. 5844. These amendments apply to claims, such as Petitioner's, that are filed on or after March 27, 2017. *See* 20 C.F.R. § 416.920c.

The new regulations set forth one uniform standard for evaluating all medical source opinions. *See* 20 C.F.R. § 416.920c (The SSA "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.").

The lynchpin of this new standard is "persuasiveness." 20 C.F.R. § 416.920c(a). When determining what medical opinions to credit, an ALJ evaluates how persuasive each medical opinion is by considering: (i) supportability, (ii) consistency, (iii) relationship with the claimant, (iv) specialization, and (v) any "other factors that tend to support or contradict a medical opinion." 20 C.F.R. §§ 416.920c(c)(1)-(5). The ALJ's duty to articulate a rationale for each factor varies. 20 C.F.R. §§ 416.920c(a)-(b).

Supportability and consistency are the most important factors, and the ALJ, therefore, must explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2). The ALJ is only required to articulate findings on the remining factors (treatment relationship, specialization, and any other factors) where "two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same." 20

**MEMORANDUM DECISION AND ORDER - 11**

C.F.R. §§ 416.920c(b)(2)-(3). Furthermore, an ALJ may address multiple opinions from a single medical source in one analysis. 20 C.F.R. § 416.920c(b)(1) (explaining that "voluminous case records" necessitate source-level articulation).

Petitioner does not deny that the ALJ properly and reasonably assessed the supportability and consistency of the medical opinions as required by 20 C.F.R. § 416.920c(b)(2).[5] Petitioner argues that the ALJ "unquestionably found every opinion persuasive" and that the ALJ erred, therefore, in failing to articulate findings regarding the three tie-breaking factors before deciding which opinion to credit. Pt.'s Br. at 16-17 (Dkt. 20). Petitioner's reading of the statute hinges on the view that "persuasiveness of an opinion is an 'on-off switch.'" *Id.* at 16. As Petitioner sees it, consistency and supportability cannot be measured on a sliding scale. *Id.* As a result, whenever there are conflicting medical opinions, each with some persuasive value, these

---

[5] At various times throughout her brief, Petitioner highlights the evidence that she views as more supportive of Counselor Sjostrom's opinions than Dr. Hymoff's. Pt.s Br. at 13-14, 18 (Dkt. 22). It is clear from these hints that Petitioner disagrees with the ALJ's weighing of the evidence. But that is not a basis for reversal. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The role of the Court in reviewing the Social Security Commissioner's decisions is "a limited one." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The question on appeal is not whether substantial evidence exists to support the claimant's preferred findings, but whether substantial evidence supports *the ALJ's* findings. *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

Petitioner, however, never directly challenges the reasonableness of the ALJ's decision to credit Dr. Hymoff's opinion that Petitioner would only need additional supervision during training over Counselor Sjostrom's recommendation that Petitioner seek employment where she could work closely with a supervisor. *See generally id.* The Court will not cobble this argument together on Petitioner's behalf. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (issues which are not specifically and distinctly argued and raised in a party's opening brief are waived) and *Carmickle v. Comm'r of Social Sec. Admin*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (refusing to address an ALJ's finding where the Petitioner "failed to argue [the] issue with any specificity in his briefing.").

**MEMORANDUM DECISION AND ORDER - 12**

opinions trigger the ALJ's duty to articulate findings for all the factors listed in 20 C.F.R. § 416.920c(c).  *Id.* at 16-17.

This argument is meritless.  The plain language of 20 C.F.R. § 416.920c clearly contemplates that different opinions may carry different degrees of persuasiveness.  *See* 20 C.F.R. § 416.920c(b) ("[w]e will articulate in our determination or decision *how* persuasive we find all of the medical opinions") (emphasis added); 20 C.F.R. § 416.920c(c)(1) ("[t]he *more* relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the *more* persuasive the medical opinions . . . will be") (emphasis added); and 20 C.F.R. § 416.920c(c)(2)("[t]he *more* consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the *more* persuasive the medical opinion(s) . . . will be") (emphasis added).  As outlined above, an ALJ is only required to articulate findings on the subsidiary factors where two conflicting opinions are "equally well-supported . . . and consistent with the record."  20 C.F.R. §§ 416.920c(b)(2)-(3).

Here, the ALJ unambiguously found Dr. Hymoff's opinions to be more persuasive than the differing opinions of Counselor Sjostrom.  AR 21-22.  Specifically, the ALJ found Dr. Hymoff's opinions to be persuasive and adopted them in their entirety.  AR 21.  By contrast, the ALJ found Counselor Sjostrom's opinions "largely persuasive," and only adopted parts of Counselor Sjostrom's report while explicitly rejecting others as unsupported and inconsistent with the remainder of the record.  AR 21-22.  Given these findings, the ALJ was permitted, but was not required, to explicitly discuss and compare these providers' relationships with Petitioner, their specialization, and any other tie-breaking factor.  20 C.F.R. §§ 416.920c(b)(2).  Petitioner's arguments to the contrary fail.

**MEMORANDUM DECISION AND ORDER - 13**

### III. The ALJ's Failure to Discuss the Opinions of Dr. Carlos Jusino-Berrios

Petitioner's third and final claim of error on appeal is that the ALJ failed to acknowledge or discuss the opinions of Carlos Jusino-Berrios, M.D. Pt.'s Br. at 17 (Dkt. 22). Dr. Jusino-Berrios is a state agency consultant who re-reviewed the denial of Petitioner's request for benefits in May of 2019. AR 445, 449. Dr. Jusino-Berrios found that Petitioner had a history of autism disorder and anxiety. Dr. Jusino-Berrios concluded, however, that Petitioner was "able to understand, remember and execute simple one or two steps instructions, able to maintain attention, sustain concentration persistence and pace, adapt to changes and interact adequately with others." AR 445. Dr. Jusino-Berrios expressly noted that his assessment matched that of the previous assessments of the other state agency consultants. *Id.*

Petitioner is correct that the ALJ did not discuss this opinion. This was not best practice. *See* 20 C.F.R. §§ 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."). Petitioner, however, has not and cannot show that she suffered any prejudice from this omission.

First, the ALJ specifically discussed the opinions of Michael Dennis, Ph.D., the second agency consultant to review the case. AR 21. As Respondent emphasizes, Dr. Jusino-Berrios specifically endorsed Dr. Dennis's opinions. AR 445. In circumstances such as these, the Court can presume that the ALJ would have treated both opinions in the same manner, such that failing to discuss one of two duplicative opinions will be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (finding that an ALJ's failure to discuss lay witness testimony was harmless where "the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony.").

**MEMORANDUM DECISION AND ORDER - 14**

Second, where an ALJ errs in failing to discuss testimony, even where that testimony is unique, the error will be harmless if the court can "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015).  This is exactly the case here.  Not only does Dr. Jusino-Berrios's opinion state that Petitioner is not disabled, his opinion is less restrictive than the RFC the ALJ ultimately adopted.  *Compare* AR 445 *with* AR 18.  In these circumstances, giving more weight to this opinion would have done nothing to advance Petitioner's case and the ALJ's failure to discuss the opinion is consequently harmless.

## ORDER

Based on the foregoing, Petitioner's Petition for Review and the Brief in Support of Petition to Review (Dkts. 1 & 22) are **DENIED,** and the decision of the Commissioner is **AFFIRMED.**

DATED: March 01, 2022

Raymond E. Patricco
U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 15**